IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David L.,[1]

    **Plaintiff,**

          Case No. 1:25-cv-68

vs.                Judge Douglas R. Cole
                     Magistrate Judge Kimberly A. Jolson

**COMMISSIONER OF**
**SOCIAL SECURITY, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initially brought this action against the Social Security Administration, Administrative Law Judge ("ALJ") Donald D'Amato, Christina Tzilos, and Scott Levasseur. (Doc. 1). He listed Title VII of the Civil Rights Act of 1964; 29 U.S.C. § 791; 42 U.S.C. § 902(a)(5), § 1305; and the Age Discrimination in Employment Act of 1967 as the relevant federal statutes at issue in this case. (Doc. 1 at 4). Plaintiff also alleges that he "became disabled in March of 2021 . . . and cannot obtain gainful employment due to his health." (*Id.* at 5). As relief, he seeks "$1,595 per month for 47 month[s]" for "arrears of benefits" and "punitive damages for his case denials and discrimination based on age and race, quite possibly his political and religious beliefs as well." (*Id.* at 6 (specifying he seeks $25,000,000 in damages") (cleaned up)).

The Court ordered him to file a more definite statement that (1) specified whether he seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"); and

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

(2) provided more detail about any other claim he seeks to bring, including who he brings those claims against. (Doc. 5). Plaintiff has now done so. Concerning the Court's first instruction, Plaintiff's more definite statement implies he is seeking judicial review of a final decision of the Commissioner under 42 U.S.C. § 405(g). (Doc. 6 at 3 (asking for "judicial review of his case and the administrative hearing" (cleaned up)). He alleges he was denied Social Security Disability Insurance benefits following a hearing before an ALJ. (Doc. 6 at 1). He also details some reasons he believes that decision was erroneous and specifies he seeks a "reversal of denial of benefits" as a remedy. (*Id.* at 2–3 (arguing the ALJ's decision was "not supported by substantial evidence and was legally erroneous)). However, concerning the Court's second instruction, Plaintiff's filing is less helpful. While he says he believes he was "discriminated against" based on several characteristics and that the ALJ was "biased by staff in Livonia Michigan Offices," he provides no more clarity. (*Id.* at 1–3 (also citing 42 U.S.C. § 708)). Possibly, Plaintiff alleges that the ALJ considered impermissible factors in making his final decision. But to the extent Plaintiff attempts to raise claims additional to an appeal under 42 U.S.C. § 405(g), those belong in a separate lawsuit.

Procedurally, cases arising under 42 U.S.C. § 405(g) in these circumstances are distinct from other civil claims. *See* S.D. Ohio Local Rule 8.1A. For example, while discovery is the backbone of most civil litigation, generally "discovery of any sort—whether directed to parties or nonparties—is not permitted in a social security appeal, because the Court's review of the ALJ's decision in such a case is limited to the existing record." *Krieger v. Comm'r of Soc. Sec.*, No. 2:12-CV-884, 2013 WL 3812003 (S.D. Ohio July 22, 2013) (cleaned up), *report and recommendation adopted sub nom. Krieger v. Colvin*, No. 2:12-CV-884, 2013 WL 4458801 (S.D. Ohio Aug. 20, 2013); *see also Dawson v. Sullivan*, 136 F.R.D. 621, 622 (S.D. Ohio 1991). And different questions of law permeate an appeal under 42 U.S.C. § 405(g) compared to other types

of civil cases. At base, the Court's review under 42 U.S.C. § 405(g) here "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see* 42 U.S.C. § 405(g). For these reasons, judicial economy favors separating Plaintiff's claims— his appeal under 42 U.S.C. § 405(g) and any other claims alleged in his Complaint—into different cases. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Accordingly, the Undersigned **RECOMMENDS** that these latter claims are **SEVERED and DISMISSED without prejudice**. In other words, the only claim proceeding in this case would be Plaintiff's appeal under 42 U.S.C. § 405(g). And if this recommendation is adopted, the Clerk should be directed to terminate Donald D'Amato, Christina Tzilos, and Scott Levasseur from this action.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: February 19, 2025           /s/ Kimberly A. Jolson
                                                                        KIMBERLY A. JOLSON
                                                                        UNITED STATES MAGISTRATE JUDGE