# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DAVID L.,**[1]

    **Plaintiff,**

  v.

**COMMISSIONER OF SOCIAL SECURITY, et al.,**

    **Defendants.**

Case No. 1:25-cv-68

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Jolson

## ORDER

Like oil and water, some things don't mix. Add to that list actions that (1) challenge a final decision of the Commissioner of Social Security, but (2) simultaneously assert independent claims. The Magistrate Judge's February 19, 2025, Report and Recommendation (R&R, Doc. 7) addresses just such a combination; it recommends that because "judicial economy favors separating Plaintiff [David L.'s] claims … into different cases," the Court should sever and dismiss David's claims that do not appeal his denial of Social Security Disability Insurance benefits under 42 U.S.C. § 405(g). (*Id.* at #23–24). The Court agrees and, for the reasons discussed below, **ADOPTS** the R&R (Doc. 7) and **SEVERS** and **DISMISSES WITHOUT PREJUDICE** any claims that do not involve § 405(g).

---

[1] As the Magistrate Judge noted, under this Court's "General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials." (Doc. 7, #22 n.1).

On February 7, 2025, David sued the Social Security Administration, Administrative Law Judge Donald D'Amato, and Hearing Officers Christina Tzilos and Scott Levasseur. (Compl., Doc. 1, #3). On the one hand, the Complaint alluded to "case denials" and referenced David's alleged disability. (*See id.* at #4–6). But on the other, it also listed several federal statutes not typically associated with Social Security benefits cases. (*See id.*). For example, the Complaint cites the Age Discrimination in Employment Act of 1967 (ADEA) as a basis for jurisdiction and mentioned "discrimination based on age and race, [and] quite possibly [David's] Political and Religious Beliefs" as reasons he believes he is entitled to relief. (*Id.*).

After reviewing his Complaint, the Magistrate Judge ordered David to submit a more definite statement (1) indicating whether he was seeking judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), and (2) providing clarity on any other potential claims. (Doc. 5, #17). Related to the latter, the Magistrate Judge warned David that "should he be seeking judicial review of a final decision of the Commissioner under 42 U.S.C. § 405(g), his other claims must be brought in a different lawsuit." (*Id.*).

In response to the first inquiry, David clarified that he is, in fact, seeking judicial review of the Commissioner's final decision regarding his Social Security disability adjudication. (Doc. 6, #18 ("Plaintiff now appeals to this court, arguing that the ALJ's decision was not supported by substantial evidence and was legally erroneous.")). But, as to the second, David provided little clarity other than generally asserting that he "believes his case was discriminated against on the basis of age,

2

race, color, national origin, disability, sex or religion by those involved in this Case." (*Id.*).

While the R&R acknowledged that David could be attempting to argue "that the ALJ considered impermissible factors in making his final decision," consistent with the Magistrate Judge's past warning, (*see* Doc. 5, #17), it also found that "to the extent [David] attempts to raise claims additional to an appeal under 42 U.S.C. § 405(g), those belong in a separate lawsuit." (Doc. 7, #23). The R&R gave two reasons these claims don't mix. First, social security claims are procedurally distinct from other civil claims. (*Id.* (citing S.D. Ohio Local Rule 8.1A)). Most notably, discovery is not permitted in § 405(g) cases, which would hamstring efforts to develop any accompanying claims. (*Id.* (citing *Krieger v. Comm'r of Soc. Sec.*, No. 2:12–cv–884, 2013 WL 3812003, at *8 (S.D. Ohio July 22, 2013)). Second, because the Court's review under § 405(g) "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards," *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015) (quotation omitted), "different questions of law permeate" § 405(g) claims versus other civil claims. (Doc. 7 at #23–24). So the R&R recommends the Court sever David's non-Social Security claims under Federal Rule of Civil Procedure 21. (*Id.* at #24).

The R&R further notified all parties that failing to object within fourteen days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #24–25); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is

3

no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture" (emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). The deadline to object has passed; no party objected. And in the absence of objections, the Court reviews the R&R only for clear error. *See* Fed. R. Civ. P. 72(b) (advisory committee notes) (noting that "the court need only satisfy itself that there is no clear error on the face of the [R&R]"); *see also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Magistrate Judge did not clearly err and the Court agrees that the case should proceed only on the § 405(g) claim. Given that discovery is not available in Social Security cases, and the different legal standards at play, it does not make sense to litigate discrimination claims and § 405(g) claims in the same action. Under Federal Rule of Civil Procedure 21, the Court may drop parties and sever claims on its own accord. The Court chooses to do so here. Since the three individually named Defendants are not subject to suit under § 405(g), they should be dismissed from this action. *See* 42 U.S.C. § 405(g); *Maynard v. Shalala*, No. 2:93-cv-926, 1994 WL 605827, at *1 (S.D. Ohio June 30, 1994).

As a result, the Court **ADOPTS** the R&R (Doc. 7) and **SEVERS AND DISMISSES WITHOUT PREJUDICE** any claims other than Plaintiff's § 405(g) appeal (Doc. 1). Accordingly, the Court **DIRECTS** the Clerk to **TERMINATE** Donald D'Amato, Christina Tzilos, and Scott Levasseur from this action.

4

**SO ORDERED.**

April 3, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

5