# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID L.,[1]

      **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

**Case No. 1:25-cv-68**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Jolson

## OPINION AND ORDER

The Magistrate Judge's August 19, 2025, Report & Recommendation ("R&R") (Doc. 15) advises this Court to affirm the Commissioner of Social Security's (Commissioner) decision denying Plaintiff social security disability benefits. Plaintiff has since objected. (Doc. 16). But for the reasons below, the Court **OVERRULES** those objections, **ADOPTS** the R&R (Doc. 15), and **AFFIRMS** the Commissioner's decision.

First, though, the Court addresses two related motions that Plaintiff has filed: (1) a Motion for Summary Judgment (Doc. 14); and (2) a Motion for Leave to Proceed in forma pauperis (IFP) (Doc. 18). The Court construes Plaintiff's summary-judgment motion as a reply in support of his Statement of Specific Errors (Doc. 11), and the Magistrate Judge "fully considered the arguments therein" in the R&R, (Doc. 15, #887). As for his IFP motion, Plaintiff is seeking leave to proceed IFP with filing a

---

[1] Under General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

petition for writ of mandamus *in the Sixth Circuit*. (Doc. 18). The Sixth Circuit has already docketed Plaintiff's petition, and ruling on the IFP motion related thereto is reserved for the Sixth Circuit. (*See* Doc. 19). For these reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 14) and Plaintiff's Motion for Leave to Proceed IFP (Doc. 18).

## BACKGROUND

This matter stems from a request for social security disability benefits that Plaintiff submitted to the Social Security Administration (SSA). (*See* Compl., Doc. 1). Under the Social Security Act, certain individuals who suffer from a disability "shall be entitled to a disability insurance benefit." 42 U.S.C. § 423(a)(1). The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). By regulation, the SSA developed a five-step analysis to assess whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). If the SSA determines that an otherwise qualified individual, like Plaintiff, is disabled based on that analysis, it will provide benefits to that individual for as long as they are under a disability. *See* 42 U.S.C. § 423(a)(1).

Plaintiff previously requested disability benefits from the SSA, and his request was successful—the SSA found that Plaintiff was disabled for a closed period from December 12, 2016, through April 11, 2019. (*See* Doc. 15, #886). A few years later, in July 2022, Plaintiff sought benefits again. This time he alleged he had been disabled

since March 6, 2021, due to a back injury, heart failure, depression, and anxiety. (*Id.*; Doc. 10-6, #302–06 (disability report)). This time around, though, SSA personnel denied his request both initially and on reconsideration. (Doc. 15, #886). Plaintiff then challenged that decision before an SSA Administrative Law Judge (ALJ) and requested an evidentiary hearing. (*Id.*). On December 11, 2023, Plaintiff appeared before the ALJ and provided testimony. (*Id.*). A few weeks later, the ALJ issued a written decision finding Plaintiff not disabled. (*Id.*; Doc. 10-2, #72–85 (ALJ decision)). The SSA Appeals Council declined review, which made the ALJ's decision final. (Doc. 15, #886).

Plaintiff, who proceeds pro se, then appealed to this Court by filing the instant action. (Doc. 1). In his appeal, Plaintiff raises six main challenges to the ALJ's decision: (1) "[t]he ALJ improperly discounted the opinions of Plaintiff's treating physician"; (2) "[t]he ALJ erred in finding Plaintiff's statements about the intensity, persistence, and limiting effects of their symptoms 'not entirely consistent' with the evidence"; (3) "[t]he ALJ's [residual functional capacity (RFC)] determination that Plaintiff can perform[] light work with certain limitations is not supported by substantial evidence"; (4) "[t]he ALJ failed to resolve conflicts between the vocational expert's (VE) testimony and the Dictionary of Occupational Titles (DOT), as required by SSR 00–4p"; (5) "[t]he ALJ improperly assigned little weight to the opinion of the court in [Plaintiff's previous case]"; and (6) "[t]he ALJ did not provide the Plaintiff with an in person [c]ourt [a]ppearance to face the personnel assigned to this case." (Statement of Specific Errors, Doc. 11, #857–58).

After considering Plaintiff's arguments, the Magistrate Judge issued an R&R advising the Court to affirm the ALJ's written decision (which the Court also refers to as the Commissioner's decision). (Doc. 15, #886). The R&R concluded that the Commissioner's decision is supported by substantial evidence and does not reflect reversible error. (*Id.* at #890). The Magistrate Judge then gave the parties 14 days to lodge specific objections to the R&R. (*Id.* at #911).

Plaintiff timely objected, (Doc. 16), and the Commissioner responded, (Doc. 17), so the objections are now ripe for review.

## LEGAL STANDARD

Because social security appeals at this stage require review of the Magistrate Judge's R&R addressing the Commissioner's decision, two overlapping legal standards govern the Court's review: (1) the standard for reviewing objections to the R&R; and (2) the standard for reviewing the Commissioner's decision.

### A. Objections to the R&R.

If a party objects to an R&R within the allotted time, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). But the de novo review requirement applies "only to any portion to which a *proper* objection was made." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023) (emphasis added) (citation modified). In response to such an objection, the Court "may accept, reject, or

4

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"Only specific objections are entitled to de novo review under … 28 U.S.C. § 636." *Wischer ex rel. Ernst v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 1107543, at *1 (S.D. Ohio Mar. 11, 2015) (citations omitted). By contrast, if a party makes a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the R&R to which he objects with sufficient clarity for the Court to identify it, or else the litigant waives the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." (citation omitted)). The reason for the specificity requirement is:

> [t]he district court's attention is not focused on any specific issues for review [when a party generally objects to an R&R], thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of [28 U.S.C. § 636].

*Howard*, 932 F.2d at 509. Each objection to an R&R should thus "include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Wischer*, 2015 WL 1107543, at *1 (citation omitted). "Merely restating arguments previously presented, merely stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been

presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." *Id.* (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## B.  Review of the Commissioner's Decision.

Even where properly lodged objections trigger de novo review, "[j]udicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry." *Wischer*, 2015 WL 1107543, at *2 (citations omitted). First, the Court must decide whether "substantial evidence" supports the Commissioner's decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence "is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241 (citation modified). If substantial evidence supports the decision, the Court must "defer[] to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation modified). Second, the Court must determine whether the Commissioner's decision "was made pursuant to proper legal standards." *Rogers*, 486 F.3d at 241 (citations omitted); *see also* 42 U.S.C.

§ 405(g). If not, the Commissioner's decision cannot be upheld, even if it is supported by substantial evidence. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citations omitted).

**C.     Resulting Standard.**

Putting all that together, when a party specifically objects, this Court reviews that portion of the R&R de novo to assess whether the Magistrate Judge correctly determined that (1) substantial evidence supported the ALJ's decision, and (2) the ALJ's decision applied the correct legal standards (including the SSA's own regulations). But when a party only generally objects or fails to object, this Court reviews the Magistrate Judge's findings and recommendations solely for clear error.

## LAW AND ANALYSIS

Construed generously, Plaintiff raises four objections here. (*See* Doc. 16, #914). But all four are "the kind of general objections that do not trigger de novo review." *Samuel L. v. Comm'r of Soc. Sec.*, No. 2:25-cv-247, 2025 WL 3250955, at *3 (S.D. Ohio Nov. 21, 2025). Rather than objecting to "specific proposed finding[s] or recommendations … with supporting authority for the objection(s)" as the Magistrate Judge's Order (and the law) required, (Doc. 15, #911), Plaintiff instead puts forth general complaints about the ALJ's decision that are untethered to the record or applicable law,[2] (*see* Doc. 16, #914). And while the Court recognizes that Plaintiff is proceeding pro se, "[t]he liberal treatment of pro se pleadings does not require lenient

---

[2] Even though Plaintiff lists what appear to be three cases from other courts of appeals that purportedly support his arguments, (*see* Doc. 16, #912–16), this Court is unable to locate two of them.

treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). Still, this Court addresses each of Plaintiff's objections below and reviews the R&R for clear error. Ultimately, the Court finds the R&R correctly recommends the case be closed.

**A.  Consideration of Symptoms Following Coronary Artery Bypass Graft Surgery (CABG).**

Plaintiff's first objection concerns "[t]he ALJ's [f]ailure to consider post-CABG symptoms like fatigue, shortness of breath, or reduced exercise tolerance." (Doc. 16, #914). But Plaintiff already made this same argument to the Magistrate Judge. (*See* Doc. 11, #858 ("The ALJ failed to adequately consider Plaintiff's consistent reports of chronic pain, fatigue, shortness of breath and mental health symptoms.")). And, as his objection itself states, Plaintiff again directs his challenge to the ALJ's decision rather than identifying any error in the Magistrate Judge's analysis of this argument. (*See* Doc. 16, #914).

As such, this is a general objection that does not trigger de novo review. *Howard*, 932 F.2d at 509. The Court sees no clear error in the Magistrate Judge's analysis of this argument, nor in her finding that the ALJ's evaluation of Plaintiff's post-CABG symptoms is supported by substantial evidence and was conducted pursuant to proper legal standards. (*See* Doc. 15, #892–98). Accordingly, this objection is overruled.

**B.**     **Weight of Dr. Jerry Tolbert's Opinion.**

Plaintiff's second objection simply states: "Improper weighing of treating physician opinions about heart function or limitations." (Doc. 16, #914). Plaintiff offers no further support or context for the objection. (*See id.*) And the objection once again merely restates an argument he previously presented to the Magistrate Judge. (*See* Doc. 11, #857 ("The ALJ improperly discounted the opinions of Plaintiff's treating physician, Dr. Jerry Tolbert.")).

Thus, this is another general objection that need not be considered de novo. *Howard*, 932 F.2d at 509. And the Court finds no clear error in the R&R's holding that this argument is "fatally vague, unclear, and asks the Court to apply out-of-date law." (Doc. 15, #890–92). The Court therefore overrules Plaintiff's objection.

**C.**     **RFC Assessments.**

In his third objection, Plaintiff challenges the ALJ's "[f]lawed RFC assessments that do not account for exertional or non-exertional limitations post-CABG." (Doc. 16, #914). Yet again, Plaintiff's objection here is wanting because it does not engage the R&R and instead merely parrots an argument about the ALJ's decision that the Magistrate Judge already considered and rejected. (*See* Doc. 11, #858 ("At Step Four, the ALJ erroneously concluded that Plaintiff could perform work as a sedentary worker, despite evidence that Plaintiff's impairments preclude the physical and mental demands of that job.")).

And once again, the Court finds no clear error in the analysis. The R&R offers apparently sound reasoning for rejecting Plaintiff's argument and determining that

(1) substantial evidence supports the ALJ's RFC assessment, and (2) the ALJ made the assessment in accordance with applicable law. (Doc. 15, #898–903). So, the Court overrules this objection.

### D. Consideration of Combined Impairments.

Plaintiff's fourth and final objection takes issue with the ALJ's allegedly "inadequate consideration of [Plaintiff's] combined impairments (e.g., CAD with lowered lung function, prior back injury issues that are ongoing, increased risk of death from physical exertion including stress, pain tolerance and anxiety)." (Doc. 16, #914 (cleaned up)).

Unlike Plaintiff's first three objections, this one does *not* simply reassert an argument that Plaintiff raised before the Magistrate Judge. But Plaintiff's argument again attacks the ALJ's decision rather than the Magistrate Judge's analysis thereof. (*See* Doc. 16, #914). And challenges to the ALJ's decision that are "raised for the first time in objections to a magistrate judge's report [are] deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (quoting *Ward v. United States*, 208 F.3d 216, 216 (6th Cir. 2000)). Plaintiff has thus waived this argument, and the Court accordingly overrules his objection, which rests on that waived argument.

### E. Unobjected Portions.

As for the unobjected portions of the R&R, the Court finds no clear error. Having carefully reviewed the record, the Court agrees with the Magistrate Judge's findings that: (1) the ALJ properly considered the Vocational Expert's testimony;

(2) the ALJ appropriately weighed the Commissioner's prior decision granting Plaintiff benefits; and (3) Plaintiff was afforded sufficient opportunities to be heard and present his case. (*See* Doc. 15, #903–11). Therefore, the Court adopts these findings.

In sum, the Court overrules all of Plaintiff's objections, and finds no clear error in the R&R. As a result, this case must be closed.

### CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's objections (Doc. 16), **ADOPTS** the R&R (Doc. 15), and **AFFIRMS** the Commissioner's decision. The Court further **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 14) and Plaintiff's Motion for Leave to Proceed IFP (Doc. 18). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter from the docket.

**SO ORDERED.**

March 30, 2026
  **DATE**

                  **DOUGLAS R. COLE**
                  **UNITED STATES DISTRICT JUDGE**